UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM NOON, ADELE NOON, Plaintiffs, v. LIBERTY INSURANCE CORPORATION and DOES 1 through 50, inclusive, Defendants. | Case No.: 23-cv-2257-JAH-BJC<br><br>**ORDER DENYING DEFENDANT'S EX PARTE REQUEST TO MODIFY SCHEDULING ORDER**<br><br>**[ECF No. 33]** |
|---|---|

Before the Court is Defendant Liberty Insurance Corporation's Ex Parte Request to Modify the Scheduling Order. ECF No. 33. Plaintiffs William and Adele Noon oppose the motion. ECF No. 34. After consideration of the papers submitted by the parties, and for the reasons set forth below, the Court **DENIES** the motion.

I.   <u>BACKGROUND</u>

This case arises from actions alleged in two matters filed in the Superior Court for the State of California. Plaintiffs filed the present lawsuit on November 1, 2023 (ECF No. 1), against Liberty Insurance for failing to defend and/or indemnify Plaintiffs in two underlying lawsuits. On December 12, 2023, Defendant removed this action to this Court based on diversity jurisdiction. ECF No. 1. On March 4, 2024, the parties filed a Joint Rule 26(f) Report and Discovery Plan. ECF No. 10. In the Joint Rule 26(f) Report and

Discovery Plan, the parties requested that discovery be bifurcated "to allow issues of whether coverage exists under the Liberty policy (Phase One) to be adjudicated prior to and separately from the adjudication as to Plaintiffs' damages (Phase Two)." ECF No. 10 at 4.  However, despite the parties' request, Magistrate Judge Skomal, entered the Scheduling Order on March 27, 2024, that did not allow for bifurcated discovery.  ECF No. 12.  The Scheduling Order set the fact discovery deadline for July 18, 2024. *Id.* at 1.  On July 17, 2024, Magistrate Judge Ferraro entered an order extending the fact discovery deadline to September 10, 2024.  ECF No. 25.

On September 12, 2024, after fact discovery closed, Defendant filed the instant motion requesting the Court: [1] "continu[e] the current expert disclosures deadline of October 2, 2024 . . . the deadline to supplement expert disclosures of October 16, 2024, and the expert discovery deadline of November 15, 2024 to occur after a ruling [is issued] on the parties' cross-motions for summary judgment" and [2] establish a second discovery deadline solely as to the issue of damages to fall after a ruling [is issued] on the parties' cross-motions for summary judgment." ECF No. 33 at 1–2.  On September 13, 2024, Plaintiffs opposed Defendant's request and noted that "the proposed changes are prejudicial to Plaintiffs as they worked hard and in good faith to comply with the scheduling order issued by Judge Skomal and complete discovery in a timely manner."  ECF No. 34 at 2.

## II. **DISCUSSION**

Before the Court is Defendant's Ex Parte request to continue the expert disclosures, supplemental expert disclosures, and expert discovery deadlines and request to bifurcate discovery and establish a second discovery deadline solely as to the issue of damages.  The Court will address each request, in turn, below.

### A. **Continuance of Expert Deadlines**

Defendant requests to continue the following deadlines until after a ruling is entered on the parties' forthcoming summary judgment motions: Expert Disclosures Deadline –

October 2, 2024; Supplemental Disclosures – October 16, 2024; and Expert Discovery Deadline – November 15, 2024.  ECF No. 33.

Defendant states that this "change is necessary as Defendant's billing expert cannot complete his report as to the value of Plaintiffs' damages while the Defamation case remains pending, and fees continue to accrue therein." *Id.* at 4–5.  However, Defendant fails to state how continuing these deadlines until after a ruling is entered on the parties' forthcoming summary judgment motions relates to being able to fully assess the damages and/or fees Plaintiffs will incur from the ongoing defamation lawsuit.  Indeed, there is no guarantee that the underlying defamation lawsuit will be resolved by the time an order is issued on the parties' anticipated summary judgment motions.  In fact, that case has been pending since August 26, 2020, which is 50 months and counting.  ECF No. 1-2 at Ex.1.

As such the Defendant's motion to continue the expert disclosures, supplemental disclosures, and expert discovery deadline is **DENIED**.  The Court notes that this Order was entered on October 3, 2024, a day after the expert disclosures deadline.  As such, the Court will extend only the expert disclosures deadline by seven days, making the new deadline Wednesday, October 10, 2024.

**B.** **Request to Bifurcate Discovery**

Federal Rule of Civil Procedure 42(b) grants the court broad discretion to bifurcate proceedings.  Specifically, a court may bifurcate proceedings "for convenience, to avoid prejudice, or to expedite and economize."  FED. R. CIV. P. 42(b).  The court must also consider the following factors in deciding whether to bifurcate proceedings: the "[c]omplexity of issues, factual proof, risk of jury confusion, difference between the separated issues, and the chance that separation will lead to economy in discovery." *Dorotik v. Cty. of San Diego*, No. 23-CV-1045-CAB-DDL, 2024 U.S. Dist. LEXIS 139716, at *2 (S.D. Cal. July 31, 2024).

Here, it is important to note that the parties submitted their request for bifurcation over six months ago in their Joint Rule 26(f) Report and Discovery Plan (ECF No. 10), but Magistrate Judge Skomal specifically chose to enter the Scheduling Order that establishes

a standard discovery plan, as opposed to a bifurcated discovery plan. *See* ECF No. 12. Defendant states that bifurcation is needed because the opinions of the damages expert "depend to a large extent, on whether coverage exists" and its expert "cannot render a fully informed opinion" when "fees are continuing to be incurred." ECF No. 33 at 3. However, Defendant fails to acknowledge or attempt to justify its delay in bringing this request. Indeed, Defendant waited until the end of fact discovery to request bifurcated discovery for a second time and now is essentially asking the Court to re-open discovery. To complicate the issue further, Defendant would like the new discovery deadline to be established solely for the issue of damages and for the new discovery deadline to "fall after a ruling is issue[d] on the parties' cross-motions for summary judgment on the coverage issues." ECF No. 33 at 2. Significantly, to date, neither party has filed a summary judgment motion.

Given the delay in Defendant re-raising its request to bifurcate discovery, the Court finds that it would be unjust to create a second fact discovery deadline with an indefinite or unknown end date. As Plaintiffs note in their opposition, Magistrate Judge Skomal already rejected the idea of bifurcated discovery when it was jointly presented by the parties. ECF No. 34 at 3. Additionally, Plaintiffs note that they diligently worked to complete their discovery by the fact discovery deadline. ECF No. 34 at 3. Under the circumstances, the Court finds that none of the considerations in Federal Rule of Civil Procedure 42(b) support bifurcation in this case.

///
///
///
///
///
///
///
///

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's Ex Parte Request to Modify the Scheduling Order. ECF No. 33.

**IT IS SO ORDERED**.

Dated: October 3, 2024

 

*Bryan Cheeks*

Hon. Benjamin J. Cheeks
United States Magistrate Judge